### 45086. RIDER v. THE STATE.

DEEN, Judge. 1. Upon the call of this case defendant made a motion for a continuance in support of which he stated that he had been informed by a justice of the peace at the time his last bond was made that the case was dismissed, and counsel for the defendant stated he had had no prior knowledge of the case and requested a continuance until the following morning, stating: ". . . but his brother, as far as I can see, can be available in the morning and we can endeavor to get the Sheffield boy here. At any rate, one of the witnesses who could testify to the alibi will be available." The court refused to continue the case, which was then over three years old, on the ground that the defendant could not have relied upon the statement of the justice of the peace if it was in fact made, since the defendant said it was made at the time he renewed his bond on the case and "a man doesn't make a bond on a case he thinks has been dropped, as the court views it." It was not an abuse of discretion to refuse a continuance based on this ground. As to witnesses, although the court called the case, he did in fact grant an early recess to allow time for the defendant to procure any desired witnesses after the close of the State's evidence. On the following day the defendant, without renewing his request for a continuance, made an unsworn statement to the jury, the State offered additional rebuttal evidence, and both sides closed. It thus appears that counsel obtained the period of time requested. On the following day no showing was made that a further continuance was desired or would in fact accomplish the attendance of the named witnesses, or that any attempt had been made to

locate and subpoena them. Under *Power v. State*, 8 Ga. App. 408 (69 SE 315) no error appears.

2. Testimony that the defendant and others entered the home of the prosecutrix, that one said, "Give your money up," and another, "Hold her, don't let her get the gun," and that they then hit the prosecutrix and ransacked the house, sufficiently supports a verdict of guilty of attempted robbery.

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*

SUBMITTED FEBRUARY 4, 1970—DECIDED MARCH 5, 1970.

*John N. Crudup*, for appellant.
*Jeff C. Wayne, District Attorney*, for appellee.